UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDMUND COPPA,<br><br>                              Plaintiff,<br><br>    - against -<br><br>SOCIAL LIFE MAGAZINE INC.<br><br>                              Defendant. | Docket No. 1:18-cv-11285<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Edmund Coppa ("Coppa" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Social Life Magazine Inc. ("SLM" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a medical practitioner performing hair transplant surgery, owned and registered by Coppa, a New York-based professional photographer. Accordingly, Coppa seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Coppa is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 36 W. Harrison Avenue, Babylon, New York 11702.

6. Upon information and belief, SLM is a domestic limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 315 W. 39th St. #1001, New York, NY 10018.

7. At all times material hereto, SLM has owned and operated an on-line magazine at the URL http://sociallifemagazine.com (the "Website").

8. SLM is a for-profit entity.

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

9. Coppa photographed a medical practitioner performing hair transplant surgery (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

10. Coppa is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-110-508, with effective date of July 10, 2018 (the "508 Registration". Attached as Exhibit B is a true and correct copy of the 508 Registration.

**B.  Defendant's Infringing Activities**

12. In June 2018, SLM ran an article on the Website (or in a PDF made available on the Website) entitled *Don't Get Wigged Out. See* URL https://sa1s3.patientpop.com/assets/docs/46639.pdf (the "Article").

13. The Article prominently featured the Photograph. A true and correct copy of the Article is attached hereto as Exhibit C.

14. SLM did not license the Photograph from Plaintiff for its Article.

15. SLM did not have Plaintiff's permission or consent to publish the Photograph on its Website.

16. Prior to the filing of this lawsuit, there was no communication between Plaintiff and Defendant.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18. SLM infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. SLM is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

19. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, the foregoing acts of infringement by Defendant have been willful or in reckless disregard of Plaintiff's rights.

21. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant SLM be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded punitive damages for copyright infringement;

5. That Plaintiff be awarded attorney's fees and costs;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 4, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
Richard Liebowitz, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorneys for Plaintiff Edmund Coppa*

Case 1:18-cv-11285   Document 1   Filed 12/04/18   Page 5 of 5